# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

LUNG VAN DO,                              §
                                         §
    *Petitioner*,                       §
                                         §
v.                                       §     No.  3:26-CV-01261-LS
                                         §
U.S. ATTORNEY GENERAL, DHS               §
SECRETARY, WARDEN, CAMP                  §
EAST MONTANA,                            §
                                         §
    *Respondents*.                     §

## ORDER TRANSFERRING CASE

Petitioner Lung Van Do seeks a writ of habeas corpus under 28 U.S.C. § 2241, but the Court has already considered and denied Petitioner's claims for relief against parties in privity with the respondent in this case.[1] "No circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined . . . on a prior application."[2] A petitioner may file a successive petition in a district court only if "the applicant . . . move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application."[3] Finally, when a petitioner files in district court without authorization, "the district court should transfer the petition or motion to [the court of

---

[1] *See Lung Van Do v. Ward*, No. 3:25-cv-00634 (W.D. Tex. Apr. 7, 2026); *see also Texas v. Dep't of Labor*, 929 F.3d 205, 211 (5th Cir. 2019) ("For privity, '[f]ederal courts have deemed' three 'types of relationships "sufficiently close" to justify preclusion': (1) 'a non-party who has succeeded to a party's interest in property,' (2) 'a non-party who controlled the original suit,' and (3) 'a non-party whose interests were represented adequately by a party in the original suit.'" (quoting *Sw. Airlines Co. v. Tex. Int'l Airline, Inc.*, 546 F.2d 84, 95 (5th Cir. 1997))).
[2] 28 U.S.C. § 2244(a).
[3] *Id.* § 2244(b)(3)(A).

appeals] in the interest of justice pursuant to [28 U.S.C.] § 1631."[4] Accordingly, the Court

**TRANSFERS** this petition to the Fifth Circuit Court of Appeals in the interest of justice.

      **SO ORDERED**.

      **SIGNED** and **ENTERED** on June 15, 2026.

                                               **LEON SCHYDLOWER**
                                             **UNITED STATES DISTRICT JUDGE**

---

[4] *United States v. Newby*, No. 25-40621, 2026 WL 1241015, at *1 (5th Cir. May 6, 2026) (quoting *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997)).